IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE  DIVISION

Vanessa Howle, Individually and as )        C.A. NO. 4:05-3545-RBH
Representative of the Estate of Frances )
Howle, )
 )
                Plaintiff, )
 )
v. )        **ORDER DENYING DEFENDANTS'**
 )        **MOTION FOR SUMMARY**
Florence Neurosurgery & Spine, PC, and )        **JUDGMENT AND DAUBERT**
Andrew H. Rhea, M.D., )        **MOTION**
 )
                Defendants. )
_____ )

This matter is before the court on defendants'[22] motion for summary judgment, and [31]

motion in limine to exclude testimony of Dr. Weinberger.[1]  Both parties have filed memoranda

regarding the pending motions.  Defendants' motion for summary judgment  is based on his argument

that the plaintiff's case fails due to insufficient proximate cause testimony of plaintiff's expert and that

the expert's opinion rests entirely on the rejected "loss of chance" doctrine set forth in Jones v. Owings,

456 S.E.2d 371 (1995).  This same argument is used to support his Daubert grounds for summary

judgment and exclusion of plaintiff's expert and his motion in limine.

In Jones, the decedent had an x-ray which noted an abnormality in the left upper lung. No action

was taken by the doctor.  The plaintiff was later diagnosed with lung cancer and subsequently died.  The

plaintiff's expert testified that at the time of the first x-rays which noted the abnormality, the chance of

survival would have been 50%. Jones contended that the plaintiff lost her chance of survival.  The court

affirmed the trial judge who held this testimony did not satisfy the standard of proof of proximate cause,

and therefore did not establish the doctor's alleged negligence "most probably" caused the decedent's

_____

[1]Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion.
Unless so ordered, motions may be determined without a hearing."

death.

Here, plaintiff's expert opines that defendants' acts or omissions were below the standard of care and that but for these acts or omissions, plaintiff more likely than not would have regained "some useful motor function in her legs." (Dr. Weinberger depo., p.145) and; plaintiff more likely than not would have regained and/or maintained a "substantial degree of additional functional use of the lower extremities." The expert has used the term "some" and "substantial degree," however, he indicates he cannot quantify the extent or percentage of neurologic *recovery* should would have had (i.e., whether that is 20%, 50%, 80%, or 100% (depo. Of Dr. Weinberger, p.98).

In his affidavit, Dr. Weinberger goes on to say that the alleged breaches of duty by the defendants "more likely than not caused substantial additional healthcare and hastened her death due to complications of her paralysis."

While the expert cannot quantify the *extent* of her paralysis had she received the care, he clearly indicates that most probably the alleged breach of duty more likely than not hastened her death due to complications from her paralysis.

This is distinguishable from Jones wherein the plaintiff could not show that any breach of a duty proximately caused decedent's death. Here, defendants' argument goes to the extent or degree of the plaintiff's resulting paralysis, not to whether the breach proximately caused an injury to the plaintiff.

According to the expert, complications from the paralysis then allegedly "most likely" hastened her death.

Plaintiff has alleged a survival claim and wrongful death claim. As to the survival claim, the *extent* of her paralysis and the difficulty in establishing the degree of the resulting paralysis is arguably fodder for cross examination and damages argument. Defendant's argument goes more to the extent

of damages instead of proximate cause. Plaintiff's expert has used terms of "some" useful function to "substantial degree" function of the lower extremities. Likewise, as to the wrongful death claim, he indicates "more likely than not" that the alleged breaches of duty hastened the plaintiff's death due to the complications from her paralysis. Under Rule 56, genuine issues of material fact remain requiring a denial of summary judgment.

Additionally, the court denies defendants' Daubert motion which is essentially duplicative of its summary judgment motion. The court believes that the Rule 702 and Daubert standards are sufficiently satisfied and the expert's proposed testimony sufficiently relevant and reliable to withstand a Daubert motion.

Based on the above and the memoranda submitted by counsel, the defendants' motion for summary judgment is **DENIED** as well as the defendants' Daubert motion.

**IT IS SO ORDERED**.

S/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
June 7, 2007